Good morning, councils. I wonder if you'd both, all those who were going to argue, would both step up and identify yourselves for the record. Henry Novoselsky, representing Merrill Lynch Trust Company at the Apple Inc. Councils like paying tuition for a good refresher course on jurisdiction and the impact of our old friends Harris v. Balkin, Hanson v. Denkla, and Mullane, and Tenoyer v. Neff, incidentally, from Sharon v. Piper. Don't forget International Shoe. Well, International Shoe only peripherally, but possibly more than that, at least on their partner. But at any rate, it brought back some old friends from law school. Well, now you know what you're up against. You each have 15 minutes. You can save out from yours any portion you wish for a response, okay? I think you can safely assume that at least one of the judges here is familiar with your briefs. Okay? Good morning again. The trial court, we had two motions before the trial court before Judge Hall. A motion to dismiss for lack of personal jurisdiction and a motion for non-convenience. Unfortunately, both were denied. So we filed a Rule 306 petition, which the court granted, and that brings us here. So issue number one is, did the court have personal jurisdiction over Robert Stone? Now, historically, it seems that the action was, when the action was originally filed in Illinois, before Stone's joinder was ordered, no one objected to Illinois' jurisdiction. None of the beneficiaries. As a matter of fact, they each filed substantive motions, which under 301 would have defeated any claim of lack of personal jurisdiction. It was only after the joinder of Stone, albeit as either an indispensable or a necessary party, and I'm not sure what's really left of that dichotomy anymore, that Mr. Stone filed his motion based on lack of jurisdiction over him and coincidentally, evidently, tried to lasso the entire proceeding back to Florida based on the court's initial order that there be a joinder. Right. Which was challenged, I imagine. It was challenged. But when the opportunity came to move the entire case, that challenge was dropped by virtue of the lack of jurisdiction over Stone. We never dropped. I understand. Oh, the other defendants? I'm waiting for the question. Well, I just wanted to make sure that we understand what's going on here. The BITS defendants did not object to jurisdiction or file a motion based on form non-intervenience. If you look at their objection... But now, how are you getting the entire... Now, you're claiming a lack of jurisdiction over Mr. Stone, who is the Florida successor trustee, but you're also claiming at this point, are you not, that the entire action is without proper context to Illinois for purposes of the court having jurisdiction, be it in rem, quasi in rem, or in personam as to any of the parties. Is that right? That's absolutely right. Now, how do you cope with the notion that the requirer joinder of Stone is open to question? So that even if Stone avoids jurisdiction in Illinois, that does not necessarily mean that the entire matter against this trust should also be transferred or that ascendancy be given to the Florida action and the Illinois action be considered stayed or eliminated. Well, the trial court found that Stone was a necessary party or indispensable, whatever words you want to use. To me, that means the case cannot go on properly without Stone. So if the court doesn't have jurisdiction over Stone, that case can't proceed in Illinois. Not necessarily on a jurisdictional basis. And the issue as to whether Stone was in fact indispensable or simply necessary or none was a matter of dispute. Dispute and ruled upon. And there's nobody contesting at this point that Stone is necessary or indispensable. And quite frankly, Mr. Novoselsky or Bitz's argument is that the trustee has to be part of this dispute because You don't think that's true? Oh, I agree that he is an indispensable party. Okay. I agree with that. Oh, you do? I do. I mean, if the trial court were to enter an order directing the trust to do something, and the only available trustee to execute that order on behalf of the trust is Mr. Stone, then he's clearly an indispensable party, isn't he? Who else within the trust could, I suppose one of the beneficiaries, could move to comply with the court order? That you first have to get jurisdiction over a person Over Mr. Stone. Over Mr. Stone. Now let's rewind the film to the point where Mr. Stone was designated as the trustee. Sure. That was in July of 2006, right? That was in February 2006. Okay. At that time, the situs of the trust, it's not disputed, was in Illinois. No, that is disputed. Well, wait a minute. Just a minute. Where was it before Mr. Stone became the trustee? The site of the trust? I believe That depends on Sullivan, according to your position. That's right. On how you read Sullivan. Whether you read Sullivan and agree with Sullivan, that you analyze a whole variety of factors to determine where the trust is being administered, or whether the designation by the trustee is in itself dispositive once that designation is made. At which point you would simply challenge that this was not a final designation for all time, since it gave every trustee a right to redesignate. But if you assume that the designation in the body of the, in the corpus of the trust itself, settles that question, then in fact, I would fully agree with what Justice McHale is saying. I haven't said anything. Well, you're saying that, well, that the, no one disputes where the, where the, the state The site is was before Mr. Stone assumed the trusteeship. But it all depends on where the administration of the trust is taking place. And the question then follows, what determines the administration of the estate? That's right. That's the key word that the long arm statute uses, is that, is the jurisdiction over the defendant, because he has become part of the trust. Under 209-13. Yeah. Administered in Illinois. Well, your argument would be that since Merrill Lynch operates in all 50 states, you could arguably say that the situs of the trust before Mr. Stone assumed the trusteeship and designated Florida. Before that, your argument would be that it could be any one of the 50 states where Merrill Lynch operated. Right? Including Florida, I suppose. I don't, I think you have to go with what the facts are. Yeah, I think you do. And there is no fact in this record of anything being done in Illinois by Merrill Lynch. Okay. Nothing. Except that the trust designates Illinois originally, designated Illinois as the site, and designated Illinois law to control its administration. That's what, I don't understand how you can take the position that there's some ambiguity about the situs of the trust before Mr. Stone assumed the trusteeship. Well, I'm, I'm not saying that there's an ambiguity in the document, but I'm saying two things. I'm saying this. Number one is that if you look at the trust agreement, it is not like any other case cited by anybody where it contemplated a change in the situs of the trust. Uh-huh. So if we're going with the, strictly with the intent of the grantor or settler, it was contemplated that the site, the situs would change. Okay. But I think you have to be more practical than that. Not that the situs would change, but that the situs could change. The situs could change, but that, that provision is not like a forum selection clause. No. Just because it says Illinois law applies, doesn't mean Illinois law, Illinois is the only forum. Well, let's get back to the court, the initial threshold question, and that is the court's personal jurisdiction over Mr. Stone. Okay. When Mr. Stone accepted the role of trustee, it's clear that he did. He did. Okay. He also received the proceeds from Merrill Lynch. Yes. Which he then deposited in a Florida bank. Yes. Could it be argued that by accepting the trusteeship at that point, back in February of 2006, and then later depositing the funds that were given to him by Merrill Lynch in a Florida bank, that he subjected himself to the jurisdiction of the court that had jurisdiction over the trust at that time? There was no court case at the time that the trust had... I understand that. But was there a situs for the trust? There has to be one, doesn't there? Accepting or receiving the trust, the liquidated trust assets in Florida is not a consent to jurisdiction. It isn't? No. They came from New Jersey, didn't they? They did. They came from New Jersey, and there is no fact ever stated by Merrill Lynch that the trust assets were ever in Illinois. Okay. At any time... So that's basically your argument, that by becoming the trustee, he certainly didn't subject himself to the jurisdiction of the Illinois court. What about the New Jersey court? Possibly. Possibly. Because that's where the money came from. It may be a fact... What about the fact that the trust provided that the situs of the trust was Illinois? That's a factor even under Sullivan. Would that put him on notice that he could be hailed into court in Illinois to defend his position as trustee? I don't think so. Okay. What's your best case for arguing against him being subjected to the jurisdiction of Illinois at the moment he became the trustee? My best case is this, is that under Sullivan, you have to look at five things. The document, where the trustee is, where the beneficiaries are, where the trust assets are, and where the business of the trust is conducted. Where were the beneficiaries? Florida, at all times. Except the settlers evidently were Illinois residents, at least by implication, since the trust was settled with the grantor at the time the trust was granted was in Freeport and the trustee appointed was a Freeport resident, the old Ken Mang. Right, by implication true, but we should focus on the defendant for purposes of personal jurisdiction. But what about when he accepted this knowing that there had not been a final accounting from the Illinois trustee, the trust that had been effectively designated in Illinois by the previous trustee, by Merrill Lynch? At the time Mr. Stone accepted the trust assets in July of 2006, what had occurred was that he had had communication with people at Merrill Lynch. That communication occurred with Ms. Dewsbury in Jacksonville, Florida, and a Dombrowski in New Jersey. So was he on notice that they would have anything related to Illinois? There is nothing connecting this trust to Illinois from the moment Merrill Lynch becomes the trustee to the moment they end. I understand your position. More analytically, what we have to do first is determine where the place of administration was, and when we talk about the situs of the trust, I don't think we gain much by immediately talking about the expectancy of being hailed before an Illinois court. I agree. Because I think we still have to, notwithstanding the Supreme Court and Sharon, the fact that there would be in-rem jurisdiction would be a focal point, albeit not enough, but coupled with the fact that the claim is connected to the quasi-in-rem jurisdiction. In other words, we can't claim jurisdiction simply by taking a defendant in any lawsuit and attaching his property and saying we now have the property, we're going to decide your lawsuit even though it may be a divorce settlement. Right. Okay. But if the cause of action arises or is strongly connected to the race involved in the quasi-in-rem jurisdiction, that would seem to satisfy, according to Sharon and according to the later cases as well, that whatever is required under due process minimal contact theory as well. See, we don't have to look any other way. But there is no property before the court. I understand that. There's a very subtle argument you're making. The problem is this. Under your theory, it would seem to me that Mr. Stone could challenge personal jurisdiction over him in any state that attempted to exercise it based on your theory. Not just Illinois, but all 50 states other than the one he himself selected. Well, that's what's wrong with that. Wait a minute. He didn't select the state until 2007, but he was the trustee in 2006. So a whole year went by before he designated Florida. Okay. Does that mean that he could act with impunity? No. But who would have jurisdiction over his malfeasance? You still have to consider where is the trust being administered. And we cited that Reeves versus Mize case, because that talks about doing business. Now, that's a lot different in Reeves, because Reeves was just an ordinary Protestant liability case. And we needed to have, in that case, personal presence. That was the basis of jurisdiction. And doing business, the continuity of doing business under the long-arm statute, are substituted for the requirement of physical presence. Therefore, under Reeves, the determination of jurisdiction depended on what the status of the defendant was at the time he was joined in the action. In this particular case, we're not talking about doing business in Illinois. We're talking about a special interconnection between the in-rem jurisdiction or the quasi-in-rem jurisdiction, which a state always has, at least with respect to the race, if not to the owners or beneficiaries, and the particular defendant who's being joined. In that kind of situation, the requirement that that be his status as of the time he's joined is not at all, does not at all follow. Well, but Your Honor, in that Reeves versus Mize case, the issue is consent to jurisdiction by doing business. In essence, Merrill Lynch, and definitely the trial court, found that Stone consented to jurisdiction because he became trustee. Well, when he became trustee, he actually did, he performed the duty as trustee. He accepted the proceeds, and he deposited them in the bank. Okay. And we would have to agree at that point, he has a fiduciary relationship with the trust. Yes, to people in Florida. Oh, no, wait a while. No, he has a fiduciary duty to the trust, no matter where the people are. But the trust is... The people could leave Florida that next... The beneficiaries weren't bound to live in any particular place. True, but they happen to... They could have scattered all over the world. I agree. His duty, his fiduciary duty is initially to the trust and to the rest. But there is no party that he owes a duty to in Illinois. Well, that's where I fall off your sled. Your sled is very carefully constructed. I'm not arguing with you. This is good lawyering that's going on. What I'm afraid of is that Mr. Stone could use your argument to resist the jurisdiction of any court that he chose to resist. I don't think so. Look, I think... I don't... I think you're mixing apples and oranges. Okay. They may be from the same phylum, but they're different species. Okay? Okay. But what we're talking about here is the over-property, which is either in reality located in that state, in the foreign state, or virtually located through some fiction that has been entrenched in the... as a construct of presence. And when we're talking about quasi-in-rem jurisdiction, we are not talking about simply an implied consent by virtue of having done something subsequently, but by virtue of linking yourself to a property that is located within the foreign state with regard to the disposition of the dispute impacting on that property. Here, it seems to me that your concern is that Stone could say there's no jurisdiction over me anywhere with the position I've taken. I don't agree with that. I think it's twisted around here, is that Merrill Lynch, an ex-trustee, they were not trustee when they filed this case. Ex-trustee... You mentioned that you suggest that they may have waived something by resigning as trustee and then filing their lawsuit? What I'm saying is this, is that what Merrill Lynch wants, the argument is, that by filing the lawsuit in Illinois as an ex-trustee, that has created personal jurisdiction over Mr. Stone. That is their argument. Because the court has quasi-in-rem jurisdiction, that Stone... that there is jurisdiction over Stone. That's exactly what the Supreme Court in Hansen versus Dankla said you can't do. No. The center... No, that's wrong. That's not what the court in Hansen said, nor what the court in Sharon said. The court in Hansen and the court in Sharon said that you can't simply acquire jurisdiction over an individual by the fact that you have jurisdiction over certain of his property unless the dispute for which you're nagging him involves that property, which is what we have here. But there is no fact of any property in Illinois. You know, if I may back you up a little bit, I think your issue is, and don't jump to that because I'm more wrong than right, at least hopefully until I bottom-line it. But it seems to me that your issue here ought to be whether there is an acceptance of jurisdiction simply because there's a quasi-in-rem power by the state. But you ought to question, is there quasi-in-rem power by Illinois simply because it's based on some very tenuous fact. Absolutely. I think that would be a much stronger position for you to urge. I agree. I think the two strongest positions are this, is that there is no quasi-in-rem jurisdiction because there is no property before the court. It would be a much better position if you had filed your designation in Florida before they filed their lawsuit. Now, we all know there's no contact between this guy and Illinois. And whether it's in-rem, quasi-in-rem. You have an ex-trustee. Ex-trustee from whom he's accepted. Who does business in Florida. And also does business in all 50 states from what we can determine. Right? Right. So they could probably, under a forum non-convenience argument, as plaintiffs, they can file their suit in any one of the 50 states where they do business. And on a purely forum non-convenience argument, they're charging downhill. Okay? You'll have to agree. I totally agree. Okay. The problem that you have, it seems to me, is that the underlying issue in this case, which is really to protect the rights of the beneficiary to subsequently sue Merrill Lynch for any malfeasance while they were trustees, can be filed anywhere. What you're concerned about, of course, is that the circuit court in Cook County might give them a complete discharge. Okay? Or that it could be determined to be somehow race judicata with respect to any rights that the beneficiaries might have. But clearly Merrill Lynch has the right, it seems to me, as former trustees, to get some kind of relief from some court. Somewhere. I agree.  of beneficiaries. All right? They've got to go somewhere. We're not saying they can't go anywhere. Well, no. We're in the forum non-convenience business because what we're talking about here is the right of Merrill Lynch to finally get a discharge that will keep them, hopefully, from not being sued down the line by the beneficiaries for what they did a decade ago, but at least getting a resolution as to where they can defend that particular potential lawsuit. They can go to Florida. Well, sure they can. But why can't they stay in Illinois? It's not the focus on Merrill Lynch. It's the focus on the defense. Yeah, I know. That's what makes this an interesting case. That's what the process is. I don't care whether you call it in rem, quasi-in rem, in personam. There is not a single contact. They have the burden of showing it. They didn't allege it when it was affidavit time. All they said was the trust is administered in Illinois. So what? Look at Sullivan. Your case, 2005, gives you the factors to consider. Well, I think if the trust were administered in Illinois and they had no problem with that, your problems would be much magnified, if by nothing else, by the language of 209-13 itself, which gives actually or purports to give long-arm jurisdiction based on the administration of a trust administered in Illinois. But that's a circle. Administered in Illinois has to be defined. It was defined in Sullivan. And this trust agreement contemplated a change. I think now we're on the same wavelength. I'd say that the question is not whether you get jurisdiction simply by becoming an administrator of a trust in Illinois, but whether the administration of the trust actually is in Illinois. Actually in Illinois. And there's no fact that it was, and it's their burden to say that it was. We need to move on, though. We've got to hear from the other side, too. We've given you quite a bit of time. We'll give you some more time to respond after we've heard from Mr. Novoselsky. Okay, thank you. He's right about that, isn't he? He's right about the fact that you guys, when you responded in this particular case, never alleged, according to him, anything that would clearly indicate that Illinois was the situs. Of course we did, Your Honor. Okay. Well, tell me why he's wrong then. Because the situs of the trust can be fixed by the grant or by an express declaration in the trust. Which is contained in this one. Right, which was contained in this one at the time. And existed at the time that you filed your lawsuit. Well, that's not a sure bet, unfortunately. I think you have some language in, I think, one or two cases that say just that. But when you take a look at Sullivan and some cases following that, it seems that the mere fact that the situs is designated by the grant or does not lock it in if all the other factors militate against the notion that this is the place of administration. Well, in Sullivan and in other cases, none of those cases discuss whether or not the trust declaration had or did not have an express declaration as to the situs of the trust. But it also talked about the fact that any successive trustee can change that situs at any time. And there is case law that distinguishes between a fixed site and a site that is subject to change, which does not therefore reflect the clear and abiding intent of the grantor. It evidences the intent of the grantor until it's changed. And it's effective until it's changed. Well, that would be your argument. Yes. And that's subject to a parallax because you could look at it that way, but you could also say if the grantor in initially designating the site contemplates the fact that somebody else could change it, then it's no longer the clear-cut expression of intent that you would like it. It's an intent that fixes the situs of the trust subject to the situs being changed for administrative convenience of the trustee. Aha. Okay. So let's assume that we've got jurisdiction over Mr. Stone. Right. But here's the thing. But now we look at it again and we say, oh, we've got personal jurisdiction over Mr. Stone. Well. Well, no, we do. Let's say that based on your argument that we have personal jurisdiction over Mr. Stone. We have jurisdiction quasi in rem, which is not full impressatum jurisdiction. Okay. But if this court had no jurisdiction to enter a judgment against Mr. Stone, this court has no jurisdiction. Well, you better stop for a minute because you're moving a little too fast for me. I'm sorry. What kind of judgment are you talking about? You mean that the court can't enter a judgment in personam against that trustee involving this particular race? Or do you mean that it can't enter an independent judgment, such as one of awarding damages against Mr. Stone, personal damages which might affect the duty to indemnify, but it can certainly adjudicate fully the status of the race itself, of the trust itself, so as to bind Mr. Stone for eternity under race judicata? Absolutely. And that's the decision of the U.S. Supreme Court in Molang. And the decision of this court in commissioners of banks and real estate. And that's the function of quasi in rem jurisdiction because all it does, to the extent that it's a simple form of personal jurisdiction, is to adjudicate the interest of the person in the subject matter before the court. In that sense, it's parallel to the other long-arm provisions that give jurisdiction arising from the transaction of business, which is not a doing business category, but the jurisdiction is limited to the matters arising from the transaction of that particular business or the commission of a tort. It doesn't give you flat jurisdiction for anything beyond those particular factors that raise the implied consent fiction. I don't even think it goes that far, Judge. I think it's limited to two things. One, it's limited to adjudicating whatever rights the beneficiaries or trustees have in the trust, and it's limited to adjudicating any claims that the beneficiaries have against the trustee on a surcharge petition. And that's not what's going on here. All you want to do is get out of this thing. You want to get out from underneath this, and you want to walk away from this with a clean bill of health, hopefully. We want to have our account approved and be discharged. Right. Now, just a minute, just a minute. Now let's assume, well, we've given you personal jurisdiction over Mr. Stone. By fiat, I've granted it to you. Okay? Thank you. Arguendo. Okay. Now we take a look at what's the next step in this case. The next step in this case, having Mr. Stone hailed into this court, is to decide how do we get Merrill Lynch out of this case completely and out of everybody's hair? Some kind of an accountant, okay? There is an accountant. Okay. There is an accountant. Now, you guys, Merrill Lynch, that is, you operate in all 50 states. Your data, which you will use in order to establish your case to justify walking away from this thing, your final accounting and goodbye to everybody, is in a computer. Okay? You could file these documents in all 50 states quite easily. But now what if the beneficiaries, who are all in Florida, and Mr. Stone, who is in Florida, suggests that there's been some hanky-panky going on and they want to file a counterclaim somewhere along the line? Why isn't from the standpoint of a forum, the appropriate forum, what hardship is it on you to go down to Florida? That's a forum nonconvenience argument, not a jurisdictional one. I know. We've already given you jurisdiction over Mr. Stone. Now I'm suggesting, okay, we've got jurisdiction over Mr. Stone, but on a purely forum analysis, maybe it would be better off if this whole mess, excuse the expression, this whole litigation were transferred to Florida. Because that's where the beneficiaries are, who may be challenging this accounting that you're going to file. Which they can do here in Illinois. Of course they can, but they have to come up, they have to hire expensive, high-priced lawyers here in Illinois, where down in Florida they might be able to do it less expensively. All right. Let's speak to then the question of... The docket might not be as crowded down there. We never really got into those issues, did we? We don't know because although there's a blanket assertion that the dockets in Crook County are congested, there's no evidence, not even an argument, as to what the docket is like in Miami, Florida. Counselor, your case, and I bring it back a little bit, hangs on some very tenuous factors. What you have in Illinois is historically a designated site in Illinois that no longer existed when Stone was joined, for which we have to strain to find that it doesn't impact on Stone's jurisdiction at the time of his joinder, since historically it was at one time designated. And that's all you have to establish any kind of jurisdiction in Illinois under this trust. You don't show us any activity involving this trust occurring in Illinois, be it historically or in any contemporary fashion. So it's all based on a former designation subject to change, which was in fact changed by Stone, all be it after the lawsuit was filed, for which we then have to interpolate that if he changes it after the lawsuit, it doesn't count. And you don't really support that with any case law that I feel particularly comfortable with at this moment. So, you know, you don't have a lot here. And the corpus of the trust was in New Jersey all along. No, the corpus of the trust, Your Honor, was an intangible interest. I understand that. I was using corpus in the metaphorical sense, but that's the problem with dealing with this kind of a trust administered by a worldwide corporation. At any given point, Merrill Lynch could argue that the proper – you could go down to Florida and argue just as effectively that the situs of the trust should be in Florida if it were in your interest to do so. Only if the situs of the trust was changed. I'd like to point out – But you could have filed your lawsuit in any one of the 50 states where Merrill Lynch is doing business under your theory. No, we couldn't have. Why not? Because the situs of the trust was fixed in Illinois, and we didn't have an option as to where to file the suit. Wait a while. You're the plaintiff. You're trying to get an accounting and get out from underneath. You've already resigned as trustee. Why couldn't you pick the form that's convenient for you? We never resigned. That's an allegation. You were just charged, right? The designation was taken away. There was a successor trustee appointed. But you consented to that. And we accepted it. But the law is that we retain the necessary powers as a trustee to wrap up our administration. Of course. And that's what we did. And you can. But why couldn't you have chosen New Jersey to file your lawsuit? Because the situs of the trust was fixed by the trust agreement as a state of Illinois, and that was a contractual provision in an irrevocable trust, which our client desired. So you're saying you didn't have a choice to file anywhere you wanted to. You had to file in Illinois. We had, under the terms of the trust agreement, the situs of the trust was fixed at the time we accepted trusteeship, Illinois. The situs of the trust was fixed at all times in Illinois when we administered the trust. And the situs of the trust was fixed at the time we filed this action. But this action was an action after you were no longer the trustee. We had the right to seek an appointment. Of course you do. Of course you do. But why couldn't you make the argument that as a former trustee, you could have, and as a plaintiff, demanding an accounting and a discharge from all of your obligations under the trust, why couldn't you file that lawsuit in any state where you were doing business? We couldn't because the situs of the trust was fixed. I know you've said that over and over again, but I don't see that there's any case that required you to have filed in Illinois. Yes. Well, you're assuming that simply by virtue of its designation that that locks in the situs and that any other factors bearing on where the trust is administered doesn't count. Not quite. Because you're not saying you administered the trust in Illinois. You're saying this was the situs, but it sounded like you were saying that you administered it here, but that's not the case, and your brief makes that clear. You administered the trust God knows where, whether it's from Pennington. Inside Michigan. Or Florida or wherever it was, but it wasn't Illinois. So I think maybe in fairness you might say this looked like the place that's probably least controversial because we start with the designation of the site being here, but then subsequently that site was changed. Why you doggedly held your ground is probably because you are a, you don't change with the wind. We could, there are two points, Your Honor. First of all, the affidavit of Robin Williams that was filed in opposition states that the trust was administered at Merrill's office here in Chicago. In part. In part. Its administration occurred in Chicago. Parts of the administration occurred in New Jersey. What's our standard of review on the forum question? I beg your pardon, Your Honor? What's our standard of review on the forum question? McCracken has already said this. Forum nonconvenience, discretion of the court. Right. And I don't think under the circumstances here that it could be found that no judge would find, as Judge Hall found, particularly when the provision in the trust has all the aspects of a forum selection provision. It's a contract that Merrill entered into when it accepted trusteeship of irrevocable trust that couldn't be changed. It's something that, a benefit that was valuable to Merrill Lynch. And, you know, when you talk about it being an irrevocable trust, that's really not terribly relevant, because it's irrevocable as to the terms of the grant, not as to the site, because it's explicitly made changeable, or call it revocable, if you will, as to the site. But you have a problem. Where to file the suit. I can see that. Because no one place overwhelmed you as to being the place of administration, and that includes the domicile of the new trustee, which case law makes clear is not in itself sufficient to determine place of administration. Let me see. I'm going to resolve this one this morning. The, at the time. Great bar exam question, this whole fact pattern. At the time this action was instituted, the situs of the trust was fixed as Illinois. Unless the situs was changed, Merrill didn't have an option to file it elsewhere. It was contractual. It bound Merrill Lynch. Merrill had no choice but to institute these proceedings. Justice Novoselsky, you're a very able lawyer. I can see you arguing in New Jersey or in Florida or in New York, that the appropriate place for you to have filed your lawsuit to demand an accounting, I mean, and to be discharged could have been in New York where your national headquarters are. But you had our New Jersey. You had a home for this case other than Illinois. Because there was a case pending in Florida, which the Florida court stayed, but which could have been the place where all of these issues were alluded to. That was filed later. That was filed later. It was filed later, but you could have acquiesced. Mr. Novoselsky, on the forum and on convenience, do you agree that the trustee is a necessary or indispensable party? No. No. No. Who would enforce the court's order? The trial court here found that Mr. Stone was a party needed for a complete disposition of the contradiction. Well, that's true, isn't it? Yes, it is. But that doesn't make him an indispensable party. Who would enforce your order? If he were not a party to this case, who would enforce your order with respect to your discharge? Oh, the circuit court of Cook County. So it's just raised to you to count on whether he's here or not. That was our position. Okay. That he would be bound by privity with the beneficiaries that he was not. So even if he wasn't an indispensable party, he'd better get up here if he wants to challenge anything that the court might have. All he's doing is raising the same objections that the beneficiaries have raised. Okay. And he takes his rights from them, and he would be bound by whatever order is entered by the circuit court. As would the beneficiaries. That's correct. It's a limited form of race. I understand, yeah. But it would bind. But the jointer here was pursuant to 2406A as a party, not an indispensable party. Unnecessary. Unnecessary. I would like to speak to something else about property in Illinois. Yeah. The property here is the administration of the trust. And that clearly was in Illinois at all times. For purposes of determining which court has supervised, what we're talking about is supervisory jurisdiction over the administration of the trust. Yeah, I know. That's what this case is all about. And the courts of Illinois at all times relevant had supervisory jurisdiction over this trust. It had supervisory administration when Merrill accepted. It had supervisory jurisdiction when Merrill acted as trustee. It had supervisory jurisdiction when Merrill asked this court to exercise its supervisory jurisdiction. We'll see whether your opponents agree with you. I beg your pardon? We'll see whether your opponents agree with you. Okay. And you're licensed here. Merrill Lynch is licensed in Illinois, isn't he? Yes. Because you're still not embracing the Sullivan factors as being. Well, I'd like to speak to the Sullivan factors, if I may, Your Honor. Because if you disregard, first of all, the argument here that the provision of the trust setting the situs is ineffective or should not be given consideration because the trustee has the right to change the trust, I don't think that flows either logically or legally. Because there's no law that's been cited that would stand to vitiate and render a provision setting the situs as surplus because there's a power to change. Well, and I think a trial judge in Illinois, depending on his personality, might take umbrage of the fact that a trustee in Florida can divest him of jurisdiction once he has it. Yes, because the jurisdiction of the circuit court became fixed. It's plenary. Well, it's plenary. Well, it's fixed once it was filed. Yeah. And Mr. Stone can't divest the circuit court of Cook County from its in rem jurisdiction by a year later. Well, not only in rem, in personam with respect to the beneficiaries, right? The limited in rem, quasi in rem jurisdiction. Well, they filed appearances, didn't they? I beg your pardon? They filed appearances, didn't they? Yes, they did. And motions to dismiss. They didn't challenge the jurisdiction of the court when they filed their appearances. No. As a matter of fact, it was only after the court denied Dr. Bitz's 2615 motion to dismiss that the situs was changed by Mr. Stone. Okay. We really need to move on in here once more from the plaintiff. I just want to wrap up if I may. Go ahead. In fact, it appears that the reason for the provision giving the trustee the power to change the situs lies in the fact that the provision setting the situs is effective. Because if the provision setting the situs was not effective, then there would be no reason to give the trustee the power to change that provision. It would be totally illogical. And the fact that the trustee can change the situs, it just doesn't logically follow that. Well, as I recall, I think either Norton or Page specifically says that where the situs is not etched, and it uses the pun in Stone, that, well, that's a different case, but that where the situs is subject itself, subject to being changed, that it doesn't have the same force as if it would have if it were set preclusively for all time. If I agree with you, Your Honor, I assume arguendo that you're correct. I respectfully disagree. But let's assume that that's a correct position. Then what are the factors that would be important in fixing the situs? One, we have the enabling provisions here, which nobody has spoken about. And these are irrevocable provisions. The powers and authorities granted to the trustee of the BITS trust are those granted by Illinois law. Those are his powers. Whatever powers and authority the state of Illinois gives the trustee are the powers and authority of the trustee of the BITS trust. Wherever the situs of that trust, or its assets are, or the trustee, there's a choice of law provision where Illinois laws to govern the interpretation and validity of the trust. And as a matter of fact, New York looks at a provision like that as a designation of the state to supervise the trust. Can that also be an indicator that the trustee could be hailed into court knowing full well that the provisions have to be interpreted under Illinois law? Absolutely. How could Mr. Stone, when he accepted trusteeship some 12 months after this lawsuit was, when he accepted trusteeship, how could he not know that with regard to these provisions that it was likely that he would be hauled into an Illinois court because Illinois gives him his power and authority, Illinois law, that Illinois law is the choice of law. It governs interpretation of the trust, et cetera, et cetera. How could he not understand that there are sufficient contacts between the trust and the state of Illinois, which not only support an exercise of quasi and rem jurisdiction, but leave it likely that if there's going to be a dispute as to what his powers and authorities are under the trust, it's going to be determined by an Illinois court. How many years had the situs been designated as Illinois, or was it originally, and it remained as such when Merrill took over? It was originally designated as Illinois, and it remained Illinois until the Circuit Court of Cook County denied Dr. Bitz's motion to dismiss. Only then was the situs changed to another state. In addition, the factors are that the trust was paid in Illinois, the place of business of the original trustee was Illinois, and the grantors resided in Illinois. All of these factors taken into consideration, even totally ignoring the site selection clause, would result in a determination that Illinois was a situs of the trust for purposes of an action settling the trustee's account. Because that's all we're talking about here. In sum, I would just say that the right of Merrill Lynch to exercise a nonbinding selection of form, because it didn't have a choice as to where it could bring this action. It could only have brought it in Illinois. Under form nonconvenience law, that decision has to be respected. This is an Illinois cause of action brought by an Illinois trustee, And there is no case, at least as far as we could find, where an interstate form nonconvenience transfer order was affirmed when you had an Illinois cause of action and an Illinois plaintiff. And that's exactly the situation here. Under those circumstances, I just don't see how Judge Hall's exercise of discretion could be held arbitrary, and that no judge in their right mind would so find. Thanks very much. Counsel, a final word. Briefly, please. He's really addressing that to me. No, no one. We have two other cases we have to deal with here this morning. Mr. Novoselsky said that their affidavit said that the trust was administered in Illinois. Well, administered is the conclusion. But the interesting thing was it says, and most recently the agency office at Jacksonville, Florida. So that would tell you, according to Merrill Lynch, that the trust was being administered in Florida while Merrill Lynch was the trustee, and that means it was being administered in Florida when Mr. Stone accepted the trusteeship. So if we're going to get into the fact of what occurred at the time Mr. Stone accepted the trusteeship, according to Merrill Lynch's own affidavit, paragraph 10, most recently it was administered in Jacksonville, Florida. Now, they're very high and mighty on this Illinois provision, that they relied on it, that they had a contractual duty to file this case in Illinois. That's nonsense. They never did a single thing in Illinois that has a fact. The only thing they did in Illinois was file this case. The assets were not here. What office in Illinois were the trust assets administered? We don't even know. We just have the conclusion. Why was this the situs? Why was it designated by the grand court? Why did the initial trustee not change it? Why did Merrill Lynch not change it? And what about Robin? What's her name? I'm sorry, I forget her last name. Wasn't her? Didn't her affidavit indicate that she did some administration in Illinois? It uses the word including the MLTC office in Chicago. We don't know what they did. But most recently, that would be at the end, when Stone accepted, was in Florida. Now, we talked, Your Honor, you mentioned historical facts. And we cited one case was the Boozell case. And there the court considered what is the residency of a trust. And it made the distinction between the historical facts, where was the trust when it started, versus what's really going on in the real world. Where is the activity of the trust occurring? The problem is that you don't have a lot at any given time to show the place of administration. It seems to be nebulous, diffused, dispersed. And at the time that Merrill Lynch filed, the one concrete fact was that Illinois was designated as the situs. And the second concrete factor was that it was the place for choice of law purposes, which although not dispositive, is still a factor. Third, it was the place, apparently, where the trust was settled in the first instance. So I think it would have been chancy wherever they would have chosen to file and could have been challenged. Choice of law doesn't affect minimum contacts if Roberts don't. It is a factor, I think it's a solid factor, in determining place of administration. It is not. Choice of law is not. It is the language of the agreement. It's not dispositive, but it is a factor in ascertaining where the trust is being administered. You cannot equate choice of law with forum selection. And for due process purposes, it does not create a contact. You're involving due process, I think, very tangentially. And the cases are explicit in saying that in determining where is the place of administration, that would be one of the evidentiary factors that you would look at. I agree. Well, the court never held an evidentiary hearing. And on the affidavits where we had all beneficiaries, all trust assets, the trust, the activity of the trust, every document, the evidence that the court had, and that's the only thing the court could rule on, and that's actually all you have, even though it's de novo, is that there is no fact in Illinois. And whether it's forum nonconvenience or it's jurisdiction, there must be some consideration of what the state has to do with a Florida-based trust, with a Florida trustee, with Florida beneficiaries, with a New Jersey corporation, who there is nothing in Illinois. And there is no activity by this defendant in Illinois and no fact of activity by Merrill Lynch in Illinois. So regardless of what the agreement said, it allowed for a change, it changed factually, and it changed by designation. And I think together the court was wrong in denying the jurisdiction motion and the forum nonconvenience motion. Counsel, thank you both. The case was well briefed and well argued, and I have a hunch that you were not going to resolve the issue this morning. Well, it was very enlightening. Thank you. The case will be taken under advisement.